IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph C. Campbell #11925-171, | ) | C/A No.: 1:10-973-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

      Petitioner Joseph C. Campbell is an inmate at the United States Penitentiary in Atlanta, Georgia, and is serving a sentence for Possession with Intent to Distribute Cocaine and Distribution of Cocaine. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #24, #25]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #27]. Petitioner filed a response in opposition to Respondent's motion. [Entry #29]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.      Procedural Background

In June 2003, Petitioner was indicted by the Dorchester County grand jury for Distribution of Crack Cocaine (2003-GS-18-0555) and Trafficking in Crack Cocaine (2003-GS-18-0552). [Entry ## 25 3, 25 4]. Petitioner was represented by James A. Bell, Esq. and pleaded guilty on December 2, 2003 to the lesser-included offenses of Possession with Intent to Distribute Cocaine and Distribution of Cocaine before the Honorable Diane S. Goodstein. [Entry # 25 5, #25 6]. Judge Goodstein sentenced him to concurrent five-year sentences, suspended upon three years of probation. *Id*. Petitioner did not appeal either of his convictions. [Entry # 1 at 2]. On September 6, 2006, Petitioner's probation was revoked, and the five-year sentences were reinstated to run concurrently with Petitioner's federal sentence. [Entry # 25 9 at 2].

Petitioner filed a pro se application for post-conviction relief (PCR) on April 13, 2007, in which he alleged his guilty pleas were involuntary and that plea counsel was ineffective for allegedly failing to inform him of his rights. *Campbell v. State*, # 2007-CP-18-0609. [Entry # 25 7].

A PCR evidentiary hearing was held before the Honorable Perry M. Buckner on August 4, 2008, at which Petitioner was represented by Charles T. Brooks, III, Esq. [Entry #25 9]. Petitioner did not appear at the hearing because of his federal incarceration in Atlanta, Georgia. *Id*. at 1. On August 18, 2008, Judge Buckner entered an order of dismissal finding Petitioner failed to comply with the statute of limitations and noting Petitioner waited "nearly two and a half years after the statutory filing period had

2

expired." *Id.* at 2-3. Petitioner appealed this denial of state PCR, and on October 15, 2008, the South Carolina Supreme Court dismissed Petitioner's claim, finding Petitioner failed to show an arguable basis for asserting the PCR court's determination was improper. [Entry # 25-11]. The remittitur was issued on October 31, 2008. [Entry # 25-12].

Petitioner filed a second PCR application on December 2, 2008, alleging plea counsel was ineffective for not complying with Petitioner's request to file an appeal. [Entry # 25-13]. On April 13, 2009, the PCR court issued a Conditional Order of Dismissal giving Petitioner the opportunity to explain why his petition should not be dismissed as successive. [Entry # 25-15]. After considering Petitioner's explanation, the PCR court issued a Final Order on June 29, 2009, dismissing Petitioner's claim as successive. [Entry # 25-16].

II.  Discussion

    A.  Federal Habeas Issues

Petitioner raises the following two issues in his federal petition for a writ of habeas corpus:

**Ground One:**  Ineffective Assistance of Counsel because Petitioner asked but his counsel failed to file a notice of appeal.

**Ground Two:** "Denial of First Direct."

B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S.

319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.    Habeas Corpus Standard of Review

        1.    Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)  (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

  (A)  the applicant has exhausted the remedies available in the courts of the State; or

  (B)  (i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

>(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so

will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[1] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

      b.  Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[2] is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of

---

[1] In *Bostick v. Stevenson*, 589 F.3d 160, 162 65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

[2] If a petitioner procedurally bypasses his state-court remedies, he is procedurally barred from raising them in federal court.

8

bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10 11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required

9

showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297 98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

   3.  Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495 96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th

Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

D. Analysis

Petitioner's Action Is Barred by the AEDPA's Statute of Limitations.

Respondent's first ground for dismissal of this Petition is that it was not timely filed under the one-year statute of limitations created by the AEDPA. As discussed briefly above, the AEDPA became effective on April 24, 1996, and substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
> (A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

11

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2254(d) (emphasis added).  Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor*

*v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 258 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (*quoting Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Federal Rule of Civil Procedure 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where due to circumstances external to the [Petitioner's] own conduct it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to

13

equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the State bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

    A.    Petitioner Did Not Timely File His Federal Petition.

The undersigned finds Petitioner did not timely file his petition in this matter. He pleaded guilty and was sentenced on December 2, 2003. [Entry # 25 5, # 25 6]. At that point, Petitioner had ten days in which to file a notice of appeal, but he failed to do so. *See* Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Accordingly, Petitioner's one-year statute of limitations period began running on December 13, 2003, the first day following the expiration of Petitioner's ten-day window of appeal. One year later, Petitioner had not

tolled the time for filing with a "properly filed application for State post conviction relief" as detailed in 28 U.S.C. § 2244(d)(2).[3] Accordingly, Petitioner should have filed his petition for habeas corpus no later than December 13, 2004. He did not file this Petition until September 17, 2010 over five years after the limitations period had run. Accordingly, the undersigned recommends finding Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

      B.     Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

Citing *Holland*, Petitioner argues that his Petition should not be barred as untimely because he is entitled to equitable tolling. Response [Entry # 29]. To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 2562 (*quoting Pace*, 544 U.S. at 418). *See also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

---

[3] In fact, Petitioner did not file a PCR action until April 13, 2007, which was several years after the one-year statute of limitations of S.C. Code Ann. § 17-27-45(a) had expired.

The *Holland* Court explained that "the diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 2565 (internal quotation marks omitted). In discussing the second prong, the Court indicated that "'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* at 2564 (*quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) and *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). Nonetheless, the Court made it clear that attorney neglect could rise to the level of being an "extraordinary circumstance," and collected cases on that point. *Id.* at 2564.

In *Holland*, the petitioner timely appealed his underlying conviction, the Florida Supreme Court affirmed his conviction, and the United States Supreme Court denied his petition for certiorari. *Id.* at 2555. As the Court noted, the AEDPA clock for Holland's federal habeas petition began running on the day the Court denied certiorari as to the direct appeal of his conviction. *Id.* Thirty-seven days later, Florida appointed counsel to represent Holland in all state and federal postconviction proceedings, and his appointed counsel filed a motion for postconviction relief in Florida state court, which tolled the AEDPA's one-year clock for filing a federal habeas petition with 12 days remaining for that petition to be filed after the state proceedings were final. *Id.* As detailed in the Court's opinion, Holland sent numerous letters to his appointed, postconviction counsel regarding the status of state proceedings and the need to timely file a federal habeas petition. *Id.* at 2555 60.

16

Petitioner argues that, like *Holland*, his attorney caused the delay that led to the untimely filing of his Petition. [Entry # 29 at 2 3]. Petitioner claims he instructed his attorney to file a direct appeal, but that his attorney had failed to do so. He claims he was "affirmatively misled into believing that an appeal had been filed on his behalf," and that, "by lying to Petitioner regarding the appeal, Petitioner's Attorney prevented him from taking steps to protect his appeal rights." [Entry # 29 at 2 3]. Petitioner submits that his attorney's dishonesty presents the type of extraordinary circumstance that requires equitable tolling of the AEDPA's statute of limitations. [Entry # 29 at 3]. Accordingly, he asks that Respondent's motion for summary judgment be denied and that the court conduct an evidentiary hearing regarding on the issue of whether the statute of limitations was subject to equitable tolling. *Id.*

        1.       Petitioner Has Not Demonstrated His Diligence In Pursuing His Rights.

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's state court conviction became final on December 13, 2003, the first day following the expiration of Petitioner's ten-day period within which to directly appeal. Because he did not file a state postconviction petition between December 13, 2003 and December 13, 2004, the AEDPA's one-year statute of limitations was never tolled. Petitioner should have filed his petition in this court by December 13, 2004.

17

Petitioner did not file this Petition until September 17, 2010, over six years after he pleaded guilty, and over five years after the AEDPA's one-year statute of limitations expired. Additionally, Petitioner did not diligently pursue his state postconviction relief, filing it some three years after he pleaded guilty.

Petitioner's multi-year tardiness in filing this Petition and similar delay in filing his state court postconviction relief petition in no manner suggest that Petitioner diligently pursued his rights. In *Holland*, the Court found petitioner had acted with reasonable diligence, noting he prepared and promptly filed his own federal habeas petition the day he learned his counsel had not timely filed the petition. *Holland*, 130 S. Ct. at 2565; *cf. id.* (noting Holland's actions that demonstrated the requisite "reasonable diligence" also included writing numerous letters to his appointed counsel seeking information about filing a petition and other aspects of his case, contacted state courts and Florida Bar Association asking to have his counsel removed).

In contrast, Petitioner was years late in filing, and he has not presented any facts to demonstrate that he acted diligently in pursuing this remedy. His argument that his attorney during the guilty plea phase did not appeal is not relevant to whether Petitioner himself acted diligently in pursuing his claim.

Accordingly, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

18

2.Petitioner Has Not Demonstrated an Extraordinary Circumstance.

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. In *Holland*, the Court catalogued the actions and inactions of Holland's counsel, which included his failure to file Holland's federal habeas petition in a timely manner or to research the applicable statute of limitations, despite numerous communications from his client regarding the petition and its time limitations. 130 S. Ct. at 2564. Holland's counsel also neglected to communicate with his client. *Id.*

*Holland* does not afford Petitioner relief. Petitioner does not claim his counsel from the direct proceeding (or any counsel) was involved in the filing of the federal habeas petition. Rather, Petitioner tries to use the alleged neglect of his counsel at the trial/guilty plea phase in South Carolina's courts to excuse Petitioner's untimely filing of the federal habeas action based on the test set out in *Holland*. The undersigned is of the opinion that this attenuated argument does not suffice. Petitioner has not presented facts sufficient to permit a finding of an extraordinary circumstance that could entitled Petitioner to equitably toll the AEDPA's statute of limitations.

Accordingly, the undersigned is of the opinion that the Petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing

19

equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted.

III.     Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted and the Petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

July 19, 2011                                                      Shiva V. Hodges
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**