IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph C. Campbell, | ) | Civil Action No. 1:10-973-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Joseph C. Campbell is an inmate at the United States Penitentiary in Atlanta, Georgia, and is serving a sentence for Possession with Intent to Distribute Cocaine and Distribution of Cocaine. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As a result, this matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Respondent's motion for summary judgment and return. The Magistrate Judge issued a Report and Recommendation recommending granting Respondent's motion. (Dkt. No. 30). Plaintiff has objected to the R&R. (Dkt.No. 33). As detailed herein, this Court adopts the Report and Recommendation of the Magistrate Judge as the Order of this Court.

## Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific

1

objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Law/Analysis

This Court has reviewed the Record the Magistrate's Report and Recommendation, and Plaintiff's objections *de novo*. Having done so, this Court has explained below why summary judgment is warranted.

Respondent's first ground for dismissal of this Petition is that it was not timely filed under the one-year statute of limitations created by the AEDPA.

28 U.S.C. § 2254(d)(1)(A) provides that the one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court). The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe*, 258 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Federal Rule of Civil Procedure 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where due to circumstances external

to the [Petitioner's] own conduct it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting Pace, 544 U.S. at 418)).

Under § 2244(d), the State bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

This Court's exhaustive review of the Record reveals that Petitioner did not timely file his petition in this matter. He pleaded guilty and was sentenced on December 2, 2003. (Dkt. Nos. 25-5, 25-6). At that point, Petitioner had ten days in which to file a notice of appeal, but he failed to do so. *See* Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Accordingly, Petitioner's one-year statute of limitations period began running on December 13, 2003, the first day following the expiration of Petitioner's ten-day window of appeal. One year later, Petitioner had not tolled the time for filing with a "properly filed application for State post conviction relief" as detailed in 28 U.S.C. § 2244(d)(2). Accordingly, Petitioner should have filed his petition for habeas corpus no

4

later than December 13, 2004. He did not file this Petition until September 17, 2010, over five years after the limitations period had run. Thus, Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations. However, as addressed below, Petitioner has failed to established the time period should be tolled.

Petitioner argues that his Petition should not be barred as untimely because he is entitled to equitable tolling. To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418). *See also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

The *Holland* Court explained that "the diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 2565 (internal quotation marks omitted). In discussing the second prong, the Court indicated that "'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* at 2564 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) and *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). Nonetheless, the Court made it clear that attorney neglect could rise to the level of being an "extraordinary circumstance," and collected cases on that point. *Id.* at 2564.

In *Holland*, as detailed in the Court's opinion, Holland sent numerous letters to his appointed, postconviction counsel regarding the status of state proceedings and the need to timely file a federal habeas petition. *Id.* at 2555-60. Petitioner argues that, like Holland, his attorney caused the delay that led to the untimely filing of his Petition. (Dkt. No. 29 at 2-3). Petitioner claims he instructed his attorney to file a direct appeal, but that his attorney had failed to do so. He claims he was "affirmatively misled into believing that an appeal had been filed on his behalf," and that, "by lying to Petitioner regarding the appeal, Petitioner's Attorney prevented him from taking steps to protect his appeal rights." (*Id.*) Petitioner submits that his attorney's dishonesty presents the type of extraordinary circumstance that requires equitable tolling of the AEDPA's statute of limitations. (Dkt. No. 29 at 3). Accordingly, he asks that Respondent's motion for summary judgment be denied and that the court conduct an evidentiary hearing regarding on the issue of whether the statute of limitations was subject to equitable tolling. *Id.*

On this Record, Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's state court conviction became final on December 13, 2003, the first day following the expiration of Petitioner's ten-day period within which to directly appeal. Because he did not file a state postconviction petition between December 13, 2003 and December 13, 2004, the AEDPA's one-year statute of limitations was never tolled. Petitioner should have filed his petition in this court by December 13, 2004.

Petitioner did not file this Petition until September 17, 2010, over six years after he pleaded guilty, and over five years after the AEDPA's one-year statute of limitations

expired. Additionally, Petitioner did not diligently pursue his state postconviction relief, filing it some three years after he pleaded guilty.

Petitioner's tardiness in filing this Petition and similar delay in filing his state court postconviction relief petition in no manner suggest that Petitioner diligently pursued his rights. In *Holland*, the Court found petitioner had acted with reasonable diligence, noting he prepared and promptly filed his own federal habeas petition the day he learned his counsel had not timely filed the petition. *Holland*, 130 S. Ct. at 2565; cf. id. (noting Holland's actions that demonstrated the requisite "reasonable diligence" also included writing numerous letters to his appointed counsel seeking information about filing a petition and other aspects of his case, contacted state courts and Florida Bar Association asking to have his counsel removed).

In contrast, Petitioner was years late in filing, and he has not presented any facts to demonstrate that he acted diligently in pursuing this remedy. His argument that his attorney during the guilty plea phase did not appeal is not relevant to whether Petitioner himself acted diligently in pursuing his claim.

Hence, Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling. Thus, Petitioner's argument is without merit and Respondent is entitled to summary judgment.

## Conclusion

Based on the above, this Court adopts the R&R of the Magistrate Judge as the Order of this Court and Respondent's motion for summary judgment is **GRANTED** (Dkt. No. 24).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

August 8, 2011
Charleston, South Carolina